# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:14CR420 |
| | ) | |
| Plaintiff, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| CHRISTIAN JOE VILLASENOR, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, SR. J.:**

Before the Court are various post-judgment motions filed by Defendant. (Docs. 190, 192, 198, 206 & 220). For the following reasons, each motion fails.

## I. BACKGROUND FACTS

For his role in a nationwide methamphetamine conspiracy, a Grand Jury indicted Defendant with one count of Conspiracy to Possess with Intent to Distribute and to Distribute Methamphetamine, a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and 846. He ultimately pleaded guilty, which gave him the benefit of avoiding the sentencing enhancement under 21 U.S.C. § 851. For his crimes, the Court sentenced Defendant to 112 months imprisonment, followed by 5 years of supervised release. To date, Defendant has served over 76 months in custody and his projected release date is March 6, 2022.

Since his Sentencing, Defendant has filed multiple motions requesting various forms of relief. The Court addresses each Motion below in greater detail.

## II. LAW & ANALYSIS

A.   **Motion to Take Action (Doc. 190)**

On December 26, 2019, Defendant filed a Motion for the Court to Take Action. (Doc. 190). In this omnibus motion, Defendant asks the Court 1) to grant a one-year credit in his sentence under the First Step Act of 2018 because he completed certain prison programing; 2) to order the Government to return "numerous cellphones" or the pictures contained therein; and 3) to tell the Bureau of Prisons to allow Defendant to determine if he can donate his kidney to his brother.

The Court declines to act as Defendant requests. First, the Court has no authority recalculate Defendant's goodtime credit under the First Step Act at this time. *See generally*, 18 U.S.C. § 3632; *Linot v. United States*, 2021 WL 265264, *1 (E.D. Ky. Jan. 26, 2021) (a prisoner must exhaust his administrative remedies before seeking relief under 18 U.S.C. § 3632(d)). Moreover, it appears Defendant's goodtime credit has been recalculated to reflect the First Step Act's amendments.

Second, Defendant raises his request for the return of his personal property in an inappropriate manner. Rule 41(g) allows "a person aggrieved by…the deprivation of property" to "move for the property's return." Fed. R. Crim. Pro. 41(g). The Rule then sets forth certain procedures to aid the Court's determination. (*Id.*). Therefore, the Court denies Defendant's request and directs him to refile in accordance with Rule 41.

Finally, Defendant's last request is moot. Defendant's subsequent briefing reflects the unfortunate fact that Defendant's brother has since died. Even if this had not been the case, the Court cannot order the Bureau to act in this manner.

Accordingly, Defendant's Motion to Take Action (Doc. 190) is without merit and is **DENIED**.

**B.    Motion to Amend Pre-Sentence Report (Doc. 192)**

Defendant's next motion is a request to Amend the Presentence Report filed on September 20, 2016. (Doc. 192). According to Defendant, "all violent charges were dismissed by the California State Court in Van Nuys, CA." (Doc. 192, PageID: 1035). The Report does not reflect this dismissal. Because of these "violent charges," the Bureau of Prisons refuses to reclassify Defendant to a lower security level.

The Court denies Defendant's request. First, the Probation Department did amend the Report on September 27, 2016. (Doc. 176). Second, it is unclear which paragraph of the Report Defendant attacks. Finally, Defendant has not produced any proof of the dismissal of charges as he claims.

Accordingly, the Court denies Defendant's Motion. If Defendant seeks to refile, he must direct the Court to the paragraph of the Report at issue and submit proof of the dismissal of the charges as he claims.

**C.    Various Requests for Compassionate Release & Home Confinement**

On August 14, 2020, Defendant filed a pro se request for release under both the First Step Act of 2018 and the CARES Act of 2020.[1] (Doc. 198). He then followed up with a request for Home Confinement. (Doc. 206). Pursuant to this District's General Order, the Court appointed the Federal Public Defenders to supplement Defendant's requests. Counsel did just that and filed

---

[1] The CARES Act expanded the powers of the Bureau of Prisons to "place a prisoner in home confinement" as an alternative to compassionate release. *United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020). It therefore provides different relief—a transfer in custody, *United States v. Brummett*, 2020 WL 5525871 (6th Cir. Aug. 19, 2020), and courts do not have the power to grant relief under Section 12003 of the CARES Act, *United States v. Coker*, 2020 WL 1877800, at *2 (E.D. Tenn. Apr. 15, 2020). Therefore, any relief premised on the CARES Act must fail. But since Defendant moved under the First Step Act as well, the Court proceeds with its analysis accordingly.

a supplemental motion on March 23, 2021.  (Doc. 220).  The Government opposed any sentence reduction.  (Doc. 222).  Defendant, through counsel, filed a Reply shortly thereafter.  (Doc. 225).

Generally, courts "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  However, in certain circumstances, a defendant may ask the court to modify a sentence, colloquially known as "compassionate release."  *Id.* at § 3582(c)(1)(A).  Before requesting a reduction, a defendant must first exhaust his administrative remedies.  *Id.*; *United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020).  Here, the parties agree Defendant exhausted his administrative remedies.  (*See, e.g.*, Doc. 222, PageID: 1234).

After exhaustion, district courts within the Sixth Circuit must: 1) "find" that extraordinary and compelling reasons support a reduction; and 2) "consider all relevant sentencing factors listed in 18 U.S.C. § 3553(a)."  *United States v. Jones*, 980 F.3d 1098, 1101 (citing 18 U.S.C. § 3582(c)(1)(A)).  Regarding the first finding, "district courts have discretion to define 'extraordinary and compelling' on their own initiative," *United States v. Elias*, 984 F.3d 516, 519-20 (6th Cir. 2021), but a defendant's rehabilitation alone is not enough, 28 U.S.C. § 994(t).  And when it comes to the second consideration, a district court is "obligate[d] to provide reasons" for its decision.  *Jones*, 980 F.3d at 1112-13.  Ultimately, "[t]he defendant has the burden to show that he is entitled to a sentence reduction" under § 3582(c)(1)(A).  *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

Defendant primarily cites two compelling and extraordinary reasons for a sentence reduction: 1) his health and COVID-19; and 2) his mother's health.  Both reasons fail.  As for his own medical reasons, Defendant claims to suffer from asthma.  But this condition is not supported by the record.  While Defendant complained to the Bureau of Prisons of a prior diagnosis of asthma and need of an inhaler, his objective history does not support this.  The

Presentence Report makes no mention of asthma and reports a physically fine individual. Same with Defendant's own pro se requests. In fact, Defendant states that he is "in good health and [he is] willing to work anywhere no matter the risk of the pandemic." (Doc. 198-4, PageID: 1075). Defendant's actions when given the opportunity to receive a vaccination to protect against COVID-19 confirms Defendant has minimal fear of any adverse consequences. Finally, even if his asthma were a real condition, it cannot be described as moderate-to-severe, which the Centers for Disease Control and Prevention lists as a possible risk for severe illness from the COVID-19 pandemic. Accordingly, Defendant's own medical reasons do not reach the extraordinary and compelling threshold.

Neither does the medical condition of Defendant's mother. The parties do not dispute the mother's medical condition. But the Court agrees with those cases cited by the Government – the health condition of Defendant's mother does not constitute an extraordinary and compelling reason for Defendant's early release. (Doc. 222, PageID: 1237-38). While the policy statements in USSG § 1B1.13 are no longer binding, the Court does find them relevant for determining the existence of extraordinary and compelling reasons for a sentence reduction. *See United States v. Tomes*, 990 F.3d 500, 503 n. 1 (6th Cir. 2021). And the Court believes that there is a difference between the incapacitation of a prisoner's spouse or partner as opposed to his parent, even though the desire to care for his parent is just as admirable. As other courts have found, "[m]any, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary." *United States v. Ingram*, 2019 WL 3162305 (S.D. Ohio June 16, 2019).

Even if Defendant presented an extraordinary and compelling reason for a sentence reduction, the relevant sentencing factors weigh against a reduction at this time. Defendant's role as the supplier of a transcontinental drug conspiracy was both serious and difficult to police.

He has an extensive criminal history, one that reflects violence, firearms and drugs. In fact, he qualified as a true Category VI offender, continuing to reoffend despite numerous stints in prison. While it is true that Defendant may face increased health risks from continued incarceration, he has chosen not to avail himself of measures to mitigate those risks. Finally, while the Court commends Defendant's efforts to rehabilitate himself while incarcerated, he has yet to complete any programming aimed to tackle his most serious underlying issue – his drug abuse. The Court understands that the RDAP program has been suspended at this time, but the Court is confident this programming will resume as the nation recovers from the COVID-19 pandemic. Instead of releasing Defendant into society where he would have to care for his ailing mother, stay sober, find a job and comply with other release conditions, affording Defendant the opportunity to participate fully in the RDAP program sets Defendant up for his best chance of success upon release

For these reasons and more, a sentence of time served (roughly 76 months) does not accomplish the goals of just punishment, deterrence, protection of the public and Defendant's rehabilitation.

### III. Conclusion

For the reasons discussed above, the Court **DENIES** Defendant's Motion to Take Action (Doc. 190), Defendant's Motion to Amend the Presentence Report (Doc. 192) and Defendant's Motion for a Sentence Reduction (Docs. 198, 206 & 220).

**IT IS SO ORDERED.**

    s/ Christopher A. Boyko
    **CHRISTOPHER A. BOYKO**
    **Senior United States District Judge**

**Dated: April 7, 2021**